UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KATHLEEN I.,

                                              Plaintiff,                  Case # 18-CV-6289-FPG

v.                                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.

## INTRODUCTION

Plaintiff Kathleen I. brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. On March 11, 2020, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the case to the Commissioner for further proceedings. ECF No. 17. Thereafter, the Court entered a Stipulation and Order awarding Plaintiff's attorney, Kelly Laga-Sciandra, $6,850.03 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 21.

In June 2021, the SSA issued a Notice of Award granting Plaintiff disability benefits and withholding $20,388.50—25 percent of her past due benefits—to pay her attorney. ECF No. 22-1 at 2. On December 21, 2021, Plaintiff moved for $20,388.50 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 22.

For the reasons that follow, Plaintiff's motion is GRANTED, counsel is awarded $20,388.50 in fees, and counsel shall remit the $6,850.03 in EAJA fees to Plaintiff.

## DISCUSSION

Before turning to the merits of Plaintiff's motion, the Court addresses the issue of timeliness. Under *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the limitations period for filing a motion under § 406(b) is found in Federal Rule of Civil Procedure 54(d)(2)(B). *See Sinkler*, 932

1

F.3d at 87-88. That rule requires that a motion for attorney's fees be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Where the "judgment" in question is a remand for further administrative proceedings, the limitations period is subject to equitable tolling until the "conclusion of the remand proceedings." *Sinkler*, 932 F.3d at 86. Tolling is necessary because "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88. "Once counsel receives notice of the benefits award"—and therefore "the maximum attorney's fees that may be claimed"—the fourteen-day period starts, "just as it would apply to any other final or appealable judgment." *Id.* Furthermore, district courts are "empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

Under these circumstances, the Court will not reject Plaintiff's motion as untimely. Attorney Laga-Sciandra acknowledges the lengthy period between the issuance of the Title II Notice of Award (June 22, 2021) and the filing of this motion (December 21, 2021). *See* ECF No. 22-1 at 2. She avers, however, that a copy of the Title XVI Notice of Award was never sent until her firm requested and received a copy. *See* ECF No. 22-2 at 2-3. Specifically, a member of Attorney Laga-Sciandra's staff contacted the SSA and learned from a representative that Plaintiff's Title XVI claim had been denied, and her file had been "closed," after Plaintiff had failed to attend an appointment with the SSA. *See id.* at 2. As a result of the closure, no denial letter was sent to Plaintiff or her attorney. *Id.* at 3. The firm requested a copy of the denial letter, which was received on December 12, 2021. *Id.* Attorney Laga-Sciandra filed the present motion within 14 days of receiving that denial letter, and therefore argues that the motion should be treated as timely. *See* ECF No. 22-1 at 2.

The Court agrees.  As the Second Circuit noted in *Sinkler*, a party cannot be "expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award," and therefore the 14-day limitations period is tolled until "counsel receives notice of the benefits award."  *Sinkler*, 932 F.3d at 88.  In this case, Attorney Laga-Sciandra avers that, although her firm had received a copy of the Title II Notice of Award, it did not receive a copy of any Title XVI notice until a staff members requested it.  *See* ECF No. 22-2 at 2-3.  Therefore, the limitations period did not start until counsel received the Title XVI denial letter.  *See, e.g.*, *Ferreira v. Kijakazi*, No. 18-CV-1469, 2022 WL 123623, at *3 (S.D.N.Y. Jan. 13, 2022) (concluding that receipt of Notices of Award that contained only "partial information about the scope of [available] attorney's fees" did not trigger limitations period, since "Plaintiff not received the necessary documentation to identify the maximum attorney's fee that may be awarded under § 406(b)" (internal quotation marks omitted)); *Webster v. Colvin*, No. 15-CV-859, 2020 WL 3566635, at *2 (W.D.N.Y. July 1, 2020).  And regardless, the Court would exercise its discretion to enlarge the filing period in light of the circumstances Attorney Laga-Sciandra describes.[1]

The Court turns to the merits.  The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT,

---

[1] The Commissioner does not dispute the truth and/or plausibility of Attorney Laga-Sciandra's allegations.  *See* ECF No. 25.

2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).  The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable.  Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable.  As an initial matter, the SSA awarded Plaintiff $81,554 in past due benefits and therefore counsel's request for $20,388.50 in fees represents 25% of the award and does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because Plaintiff received a favorable administrative decision after counsel obtained remand with non-boilerplate arguments. *See* ECF Nos. 11, 17.  As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2; *see generally Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022).  Here, counsel spent 33.8 hours in connection with the appeal to this Court.  ECF No. 22-2 at 3.  Dividing the $20,388.50 fee requested by 33.8 hours yields an hourly rate of $603.21.  This Court has found

even higher rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf. *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1,051.64); *see also Torres v. Colvin*, No. 11-CV-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00."); *Morrison v. Saul*, No. 16-CV-4168, 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019) (approving fees based on effective hourly rate of $935.52). Accordingly, based on all of the above, the Court concludes that the requested fee award is reasonable. Furthermore, counsel must refund the EAJA fees to Plaintiff, which she indicated she intends to do. ECF No. 22-1 at 9.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 22) is GRANTED and Plaintiff is awarded $20,388.50 in fees. The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award. After counsel receives the § 406(b) fee, she must remit the $6,850.03 EAJA fee to Plaintiff.

IT IS SO ORDERED.

Dated: June 27, 2022
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              United States District Judge
                                              Western District of New York